

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**PHILLIP DOBBINS**, and<br>**NATOSHA MARTIN**,<br><br>Defendants. | **CRIMINAL COMPLAINT**<br><br>Case Number: 21mj-36-F |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about March 23, 2021, in the District of Wyoming, the Defendants, **PHILLIP DOBBINS** and **NATOSHA MARTIN**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together and with other persons known and unknown to the grand jury to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B).

I further state that I am a Postal Inspector with the United States Postal Service and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
RICHARD FERGON

Sworn to before me and subscribed in my presence,

| June 17, 2021 | at | Cheyenne, Wyoming |
| Date | | City and State |

HON. KELLY H. RANKIN
Chief United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
POSTAL INSPECTOR RICHARD FERGON
U.S. v. DOBBINS, ET AL.

I, Richard Fergon, after being duly sworn, hereby depose and state as follows:

1. I am a United States Postal Inspector and have been so employed since May 2019, during which time I underwent a 14-week Basic Postal Inspector Training Academy at the United States Postal Inspection Service Career Development Unit located in Potomac, MD. Upon completion of the 14-week Basic Postal Inspector Training Academy, I was assigned to the United States Postal Inspection Service (USPIS) Denver Division, specifically to the Contraband Interdiction and Investigations (CI2) team in Denver, Colorado, which is responsible for investigating narcotics violations involving the United States mail. My responsibilities include the detection and prevention of the transportation of narcotics/controlled substances through the United States mail, to include, conducting narcotics investigations and executing arrests of individuals for violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance), 843(b) (Use of a Communication Facility to Facilitate the Commission of a Federal Drug Felony) and 846 (Conspiracy to Distribute a Controlled Substance). Part of my training as a Postal Inspector included narcotics trafficking investigative techniques related to the identification and detection of controlled substances being transported in the United States mail.

2. Prior to my employment with USPIS, I was employed as a Criminal Investigator for the Colorado Attorney General's Office. I was assigned as a Task Force Officer (TFO) in the Drug Enforcement Administration's (DEA) Tactical Diversion Squad (TDS). I was a sworn peace

officer between 2005 and 2019, and first became a sworn peace officer in the State of Texas in 2005 and then the State of Colorado in 2012.

3. I am currently a deputized Task Force Agent with the Drug Enforcement Administration.

4. I have received specialized training in the investigations of illegal narcotics. I have investigated numerous felony and misdemeanor criminal cases. I have participated in investigations of individuals and organizations for violations of federal and state narcotics laws, conducted and participated in surveillance, the introduction of confidential informants, and have participated in investigations that included the interception of wire and electronic communications. I have executed search and seizure warrants where assets, documents, records, and controlled substances have been located and seized. I also have had experience in debriefing defendants, participant witnesses, informants, and other persons who have personal knowledge of the distribution of controlled substances.

5. Based on this training and experience, I am familiar with current drug trends, including smuggling, packaging, concealment techniques, common drug language, conspiracy techniques, including the use of cellular and digital communications devices, common weights and measurements, and drug identification.

6. The information contained within this affidavit is based on my personal observations, training and experience, as well as information relayed to me by other law enforcement officers involved in this investigation. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.

I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

7. Based on the facts in this affidavit, I submit probable cause exists to believe that Phillip DOBBINS and Natosha MARTIN were in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## PROBABLE CAUSE

8. On March 23, 2021, at approximately 4:41 PM, Officer Stinson with the Cody Police Department ("Cody PD) initiated a traffic stop at 2500 block of Greybull Highway, Cody, Wyoming. The vehicle was described as a 2001 Cadillac Deville bearing Wyoming license plate 11-27094 ("SUBJECT VEHICLE"). The SUBJECT VEHICLE was stopped after Officer Stinson observed that the vehicle failed to maintain a lane of travel, a State of Wyoming traffic infraction, on Highway 14 while turning from Highway 120 in Cody, Wyoming.

9. Officer Stinson made contact with the driver, DOBBINS, at the driver's side window of the SUBJECT VEHICLE. MARTIN was in the front passenger seat of the SUBJECT VEHICLE and was the only other occupant. Officer Stinson suspected DOBBINS of being the under the influence of a controlled substance and asked DOBBINS to exit the SUBJECT VEHICLE and perform roadside maneuvers. DOBBINS failed the maneuvers and was subsequently arrested for driving under the influence of a controlled substance.

10. Subsequently, Officer Stinson conducted a vehicle inventory search prior to the SUBJECT VEHICLE being towed away from the area. Officer Stinson found a large quantity of dispensary grade marijuana, liquid THC, trace amounts of suspected methamphetamine and various items used to ingest controlled substances such as marijuana pipes and hypodermic needles.

11. On March 25, 2021, Wyoming Division of Criminal Investigation ("DCI") Special Agent ("SA") Shane Reece obtained a search warrant authorized by the Honorable Judge Simpson, Fifth Judicial District of Wyoming, for the SUBJECT VEHICLE.

12. On March 25, 2021, DCI SA Reece and DCI SA Fish conducted a search of the SUBJECT VEHICLE and recovered approximately 354 grams of presumptive positive methamphetamine. SA Reece advised that the methamphetamine was found on the front driver's side floorboard.

13. On March 25, 2021, SA Reece and SA Fish conducted an interview of MARTIN. MARTIN was advised of her Miranda rights and agreed to continue the interview. After initially denying knowledge of the recovered methamphetamine, MARTIN admitted that her fingerprints and/or DNA would be located on the bag of the methamphetamine. MARTIN also admitted to using methamphetamine from the bag.

14. On April 13, 2021, SA Reece and SA Fish conducted a follow up proffer interview with MARTIN. In this interview, MARTIN admitted to selling methamphetamine for DOBBINS since January, 2021.

15. When asked about the methamphetamine recovered in the SUBJECT VEHICLE, MARTIN stated that she accompanied DOBBINS to Aurora, Colorado to purchase the methamphetamine. MARTIN advised that she provided DOBBINS with $3000 in cash once they arrived in Aurora, Colorado to purchase the seized methamphetamine. MARTIN stated that after receiving the cash, DOBBINS exited the vehicle and returned with the methamphetamine. MARTIN provided the cash to DOBBINS for the methamphetamine because DOBBINS told her that he would sell it so that MARTIN could make enough money to move from her existing residence.

16. MARTIN stated that she had accompanied DOBBINS on two other trips to obtain methamphetamine. MARTIN advised that once they returned to Cody, Wyoming, DOBBINS would separate the methamphetamine into smaller quantity baggies then disappear and "do his thing." MARTIN also advised that when she was contacted by perspective buyers, she would contact DOBBINS to obtain methamphetamine to sell.

**END OF SWORN STATEMENT**

## PENALTY SUMMARY

| | |
|---|---|
| **DEFENDANT NAME:** | **PHILLIP DOBBINS and NATOSHA MARTIN** |
| **DATE:** | June 17, 2021 |
| **INTERPRETER NEEDED:** | No |
| **VICTIM(S):** | No |
| **OFFENSE/PENALTIES:** | **21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)** (Conspiracy to Distribute Methamphetamine)<br><br>5-40 Years Imprisonment<br>Up To $5,000,000 Fine<br>4 Years Supervised Release<br>$100 Special Assessment |
| **AGENT:** | Richard Fergon, USPS |
| **AUSA:** | Timothy J. Forwood, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |